**Albert HOVHANNISYAN; Inesa Marinosyan, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71913.**
**Agency No. A77–850–301.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2005.\*\*

Decided April 8, 2005.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Esq., Thomas K. Ragland, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before D.W. NELSON and BERZON, Circuit Judges, and MAHAN,*** District Judge.

## MEMORANDUM ****

Albert Hovhannisyan and his wife Inesa Marinosyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the IJ's conclusion that, assuming the truth of the account given at the hearing, the petitioners did not demonstrate past persecution on account of a protected ground. The cause of their son's death, and his brother's subsequent detention, is speculative, and Hovhannisyan's brief detention does not amount to persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). We therefore do not address the IJ's alternative basis for denying relief, the adverse credibility determination.

Substantial evidence also supports the IJ's conclusion that the petitioners did not demonstrate a well-founded fear of persecution should they return to Armenia. They did not "point[ ] to credible, direct, and specific evidence in the record ... that would support [an objectively] reason-able fear of persecution" upon return to Armenia. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (internal quotation marks and citation omitted). The IJ accurately characterized the 2000 State Department country report, which states that "[t]here was no reported violence against minority religious groups."

By failing to qualify for asylum, the petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). They are also not entitled to CAT relief because they did not show that it is more likely than not that they would be tortured if returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.